Rachel M. Cannon
312 577 1270
rcannon@steptoe.com

227 W. Monroe Street
Suite 4700
Chicago, IL 60606
312 577 1300 main
www.steptoe.com



December 1, 2021

**BY ECF FILING**

The Honorable Thomas F. Hogan
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

        **Re:**   *United States v. Christian Kulas*, 1:21-cr-00397-TFH
                *United States v. Mark Kulas Jr.*, 1:21-cr-00693-TFH

Dear Judge Hogan:

    Christian Kulas and Mark Kulas Jr. respectfully submit the enclosed waiver of any conflict of interest and agree to my joint representation of both of them.

    Please let us know if you have any questions about the enclosed waiver.

                                          Sincerely yours,

                                          **Rachel M. Cannon**

I, Christian Kulas, and I, Mark Kulas Jr., understand and agree as follows:

- We understand that we are jointly represented by Ms. Rachel M. Cannon of Steptoe & Johnson LLP. We understand that Ms. Cannon owes a duty of loyalty to both of us.
- We understand that Ms. Cannon's legal advice will be given to both of us, and not just to one of us.
- We have asked Ms. Cannon to represent us jointly. We are unaware of any conflict between our respective interests, and we each consent to the joint representation.
- We understand that Ms. Cannon owes her full ethical and fiduciary duties to both of us, and that she cannot favor one of us over the other. We also understand that this joint representation will be directed towards vindicting both our common rights and interests. However, we also understand this joint representation does not preclude our presenting defenses which might apply to only one of us.
- We understand that we have have the right at any time to terminate Ms. Cannon's representation of us upon written notice to her.
- We understand that Ms. Cannon has reserved the right to withdraw from representing us if there exists or develops any fact or circumstance which would, in her reasonable opinion, render her continuing representation unlawful or unethical, and we are unable to properly resolve such issues with her.
- We understand that under ethical rules that govern Ms. Cannon's conduct as an attorney, she will not be able, during the joint representation, to make claims against either one of us on behalf of the other, elicit evidence against either one of us on behalf of the other, and/or attempt to shift responsibility from either one of us to the other.
- We further understand that all information that we acquire during the joint representation will be fully available to each of us throughout the case.
- We further understand that if an unresolved conflict arises, Ms. Cannon would continue to have access to all information that she acquired while representing us jointly.
- On matters unrelated to any dispute between the two of us, each of us agrees to preserve the confidentiality of privileged information provided by either of us.  The only exception to the previous sentence would be if Ms. Cannon withdrew from the representation of either of us as party to this joint representation due to a future conflict of interest.
- In the event of a dispute between the two of us, we understand the courts might not prevent one of us from disclosing or using, in connection with the dispute, confidential attorney-client information communicated by either of us during the period of joint representation.
- We understand that if a conflict arises between us, Ms. Cannon would first determine whether the conflict were waivable under the ethics rules.  If the conflict were waivable, and each of us granted a new waiver, the joint representation would continue.  If the conflict were not waivable, or if either of us declined to grant a new waiver, Ms. Cannon would continue to represent one of us, either Christian Kulas or Mark Kulas Jr., and would withdraw from representing the other.  In that instance, whoever Ms. Cannon did not continue to represent would need to retain separate counsel.  For the remainder of the matter, Ms. Cannon would represent solely one of our interests, and such representation could include taking actions

adverse to the interest of the other. In addition, Ms. Cannon would be permitted to use information that she had obtained from either of us during the joint representation on behalf of the other.
- We have considered the pros and cons of the proposed joint representation. We have also considered whether we wish to consult with independent counsel of our own choosing with respect to the matter of sharing counsel.
- By signing below, we are confirming that we are comfortable with being jointly represented in this matter by Ms. Cannon, and agree to the terms of the representation outlined here.

**Accepted and Agreed:**

**Christian Kulas**

Signature: _____

Date: 12/01/2021

**Accepted and Agreed:**

**Mark Kulas Jr.**

Signature: Mark Kulas

Date: 12/01/2021